STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. JOHN T. STATES, DEFENDANT-APPELLANT.

Middlesex County Court
Law Division

Decided June 17, 1964.

*Mr. John P. Kozak,* Assistant County Prosecutor, for plaintiff-respondent (*Mr. Edward J. Dolan,* County Prosecutor, attorney).

*Mr. John A. Craner* for defendant-appellant.

HALPERN, A. J. S. C. This is an appeal *de novo* of two convictions under the Disorderly Persons Act, *N. J. S.* 2A:170–3 and 2A:170–26.

The allegations in the complaints indicate that on February 21, 1964 defendant assaulted and battered a member of the Edison Township Police Department who was in uniform, and that defendant had in his possession a steel link chain. The arresting officer charged the defendant with simple assault and battery under *N. J. S.* 2A:170–26, which provides that "Any person who commits an assault or an assault and battery is a disorderly person." He also charged the defendant with violating *N. J. S.* 2A:170–3, which provides that "Any person who  *  *  *  has upon him any offensive or dangerous weapon, with intent to assault any person,  *  *  * is a disorderly person."

At the municipal court hearing defendant objected to being tried under the Disorderly Persons Act. He contended that assaulting a police officer was an indictable offense under *N. J. S.* 2A:90–4, *L.* 1962, *c.* 39, § 1, on which charge he had a right to insist upon an indictment by a grand jury and a trial by a petit jury. *N. J. Const. Art.* I, *pars.* 8, 9 and 10. Furthermore, he contended that the possession of a dangerous weapon being a related event, he had a similar constitutional right to indictment and trial by jury.

Defendant argued that the subsequent enactment of *N. J. S.* 2A:90–4 implicitly removed assaults upon uniformed police officers from the scope of the Disorderly Persons Act. Thus, he suggested to the municipal magistrate that he was without jurisdiction, and moved that the complaints be dismissed or, alternatively, amended to charge high misdemeanors and submitted for grand jury action. The magistrate denied both motions, proceeded to try the case summarily, found defendant guilty of both charges, and imposed sentence. On this appeal defendant has renewed these motions.

The State argues that *N. J. S.* 2A:90–4 does not contain any express repealer of *N. J. S.* 2A:170–26; therefore, the courts will not construe a later statute to repeal by implica-

tion an earlier statute, unless the former is plainly repugnant to the latter and demonstrates a legislative intent to be a complete substitute—citing *Swede v. Clifton,* 22 *N. J.* 303 (1956); *State v. Drake,* 79 *N. J. Super.* 458 (*App. Div.* 1963). The fallacy in the State's argument is that it attempts to resolve the problem *sub judice* by the mere use of a rule of statutory construction without any logical basis in reasoning. *N. J. S.* 2A:90–4 provides:

"Any person who commits an assault and battery upon any State, county or municipal police officer, or other law enforcement officer, acting in the performance of his duties while in uniform or exhibiting evidence of his authority, is guilty of a high misdemeanor."

The Legislature, by enacting *N. J. S.* 2A:170–26, manifestly did not intend to make all assaults and batteries mere disorderly conduct; rather it created gradations of the offense. *State v. Maier,* 13 *N. J.* 235 (1953). In sustaining the constitutional right of the Legislature to downgrade an offense formerly requiring a jury trial to that of a disorderly persons violation, the late Chief Justice Vanderbilt, in *Maier,* advanced the thought that busy grand juries, preoccupied with more serious crimes too often would fail to indict for relatively unaggravated assaults. In order to remedy this maladministration of criminal law, the Legislature created gradations of assaults and assaults and batteries unknown to the common law.

The issue is whether an assault and battery upon a policeman in uniform can be downgraded by the police officer and magistrate to the level of a simple assault and battery. I am of the opinion that such cannot be done.

As pointed out in *Maier,* the Legislature might have interposed between simple assaults and batteries as disorderly conduct and those kinds of high misdemeanors contained in *N. J. S.* 2A:90–1, 2, and 3, the intermediate offense of assaults and batteries of the general scope as misdemeanors; but the Legislature failed to do so, except in the limited instances of assaults on public officers in the service of process, *N. J. S.*

2A:99–1, and assaults on news photographers and news reporters, *N. J. S.* 2A:129–1.

What greater public interest did the Legislature intend to protect when it singled out assaults and batteries upon process servers and members of the news media for an increase in punishment beyond mere simple assaults and batteries? It is clear that process servers are the arms of the courts, the same courts which are entitled to the public's respect in order that they may function efficiently. So, too, it is clear that the right of a free press to gather news is a jealously guarded constitutional guarantee.

Although no decision has been reported which prohibits the downgrading of these misdemeanors by a policeman or magistrate to the status of disorderly conduct, reason alone would dictate such a result. The Legislature could not have felt that grand juries would treat these offenses so lightly that they would refuse to indict the offenders.

Even more compelling are the reasons for making assaults on uniformed police officers high misdemeanors, and taking these offenses out of the scope of *N. J. S.* 2A:170–26. The police are the protectors of the public as well as the enforcing agents of the laws established to guide public conduct. If they are to carry out their delegated responsibilities, they must command the respect of the public in general. Persons who flaunt their disrespect for the law encourage others to be disrespectful. If the administration of the criminal law is expected to be a deterrent to illegal conduct, not only must offenders be punished, but the punishment must match the gravity of the offense. This is not a matter for quibbling about those gray areas where an assault upon a police officer may be a moderate bumping or pushing. Surely there will be cases where assaults will be unaggravated. However, such instances may be downgraded with the prosecutor's consent, or the powers of the sentencing judge are sufficiently flexible to insure against excessive punishment. The public interest to be protected, in the first instance, is securing respect for those assigned the task of keeping the peace.

██ I now turn to the State's argument that it traditionally has had the right to decide which statutory violation it should prosecute. In the first place, the county prosecutor in the instant case was never consulted by the police or the magistrate. It was not until the notice of appeal was submitted to his office that he learned of it. Therefore, it cannot be said that a decision to prosecute was ever made. *R. R.* 3:2–3(c) clearly states that a magistrate must notify the prosecutor whenever he intends to dismiss an indictable offense. This is equally true in the case where the magistrate intends to downgrade the offense to one which he can try in summary fashion. *State v. Dixon*, 40 *N. J.* 180 (1963); *State v. LeJambre*, 42 *N. J.* 315 (1964).

Although this is not a case where the magistrate downgraded the offense without the knowledge and consent of the county prosecutor—rather the complaints initially set forth disorderly persons violations, which the magistrate would normally try summarily—it does demonstrate that the decision to prosecute in this case was made by the police officer and the magistrate, and not the prosecutor. Cf. *State v. Labato*, 7 *N. J.* 137 (1951).

██ I am of the further opinion that the complaint in this case should have been made under *N. J. S.* 2A:90–4. If, at the time of preliminary hearing, the magistrate felt that the facts warranted the conclusion that the incident was a minor one, he could ask the prosecutor to look into the matter, and with the prosecutor's permission then take a complaint based on facts whoch would be within the jurisdiction of the municipal court. Any other approach would deprive the county prosecutor of his right to make an election.

██ In conclusion, I find that *N. J. S.* 2A:90–4 is the exclusive statute under which this defendant may be prosecuted in the first instance. The magistrate was without jurisdiction to try and convict for disorderly conduct violations under *N. J. S.* 2A:170–26.

██ The motion to dismiss the complaint charging a violation of *N. J. S.* 2A:170–3 must be granted because it is joined

with an indictable offense beyond the magistrate's power to try, and they should be handled together rather than separately, as required by court directive to all magistrates.

The proceedings below are therefore set aside and defendant's motion is hereby granted. Any fines paid by the defendant shall be returned to him. The prosecutor, however, is free to seek an indictment under appropriate statutes, *State v. Dixon, supra,* or refer the matter to the municipal court for disposition as a disorderly person's case. *State v. LeJambre, supra.*

Counsel will present an appropriate order consented to as to form by the prosecutor.